UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASIL KALLABAT

       Plaintiff,

v.                                                   Case Nos. 12-CV-15470
                                                   Honorable Denise Page Hood

MICHIGAN BELL TELEPHONE
COMPANY, a Domestic Corporation,

       Defendant.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT [#21]

### I.    INTRODUCTION

This matter comes before the Court pursuant to Defendant Michigan Bell Telephone Company's Motion for Summary Judgment **[Docket No. 21, filed February 28, 2014]**. Plaintiff filed a Response to the Motion for Summary Judgment **[Docket No. 24, filed April 7, 2014]**. Defendant filed a Reply to the Response **[Docket No. 27, filed April 21, 2014]**. For the reasons stated below, Defendant's Motion for Summary Judgment is **DENIED**.

### II.    BACKGROUND

Plaintiff Basil Kallabat is Iraqi, has dark skin, and was perceived as being Muslim (Amended Complaint, ¶14). Defendant Michigan Bell Telephone

Company is a domestic for-profit corporation and does business in the State of Michigan (Am. Compl., ¶3). Plaintiff began working at Defendant Michigan Bell in October, 2000, as a service technician (Am. Compl., ¶12). Plaintiff became a Customer Service Specialist (CSS) beginning in 2004 (Def.'s Br. in Supp. of Mot. for Summ. J., 2). Plaintiff alleges that during his employment, he experienced disparate treatment and/ or a hostile work environment that included, among other things, unjustified discipline, vandalism of his property, and harassment (Am. Compl., ¶13).

Plaintiff grieved the disciplinary action against him through the process set forth in the Collective Bargaining Agreement between Plaintiff's Union and Defendant. The grievances were denied (Def.'s Mot. for Summ. J., ¶4). Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") alleging discrimination on the basis of his national origin, color, and/or religion as a perceived Muslim (Am. Compl., ¶7).

Plaintiff brought the following claims against Defendant: (i) Discrimination based on color in violation of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"); (ii) Discrimination based on color in violation of the Elliott-Larsen Civil Rights Act (hereinafter "ELCRA"); (iii) Discrimination based on national origin in violation of Title VII; (iv) Discrimination based on national origin in

violation of the ELCRA; (v) Religious discrimination in violation of Title VII; and (vi) Religious discrimination in violation of the ELCRA.

Now, before the Court is Defendant's Motion for Summary Judgment **[Docket No. 21, filed February 28, 2014]**.  In its Motion, Defendant argues that it is entitled to summary judgment because there is no claim for discrimination based on "perceived religion," and Plaintiff failed to identify any evidence that he was harassed because of the color of his skin (Defendant's Brief in Support of Motion for Summary Judgment, 1).  Defendant also argues Plaintiff's unfair discipline claim is subject to pre-emption under Section 301 of the Labor Management Relations Act (*Id.*).  The alleged harassment does not rise to the level of a hostile work environment and Defendant took appropriate remedial action (*Id.*).

Plaintiff responded to the Motion for Summary Judgment **[Docket No. 24, filed April 7, 2014]**.  First, Plaintiff argues that he has evidence that Defendant acted with discriminatory animus (Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, 8).  For example, Corey Fuson, one of Defendant's Customer Service Specialists ("CSS"), told Plaintiff he should not be working on certain jobs because he is Arab, and referred to Kallabat as Taliban (*Id.* at 9).  Fuson was promoted to manager in 2007 and Plaintiff was required to report to him (*Id.* at 2).

Second, he argues that he has established a prima facie case for a Title VII violation, and that comparable white, non-Arab CSS's were given more lenient discipline (*Id.* at 11). Third, Plaintiff argues that the facts support that the Defendant disciplined him for discriminatory reasons (*Id.* at 12). For example, he was disciplined for failing to call before going home for lunch and for leaving his truck running. Plaintiff argues he was not told of the expectation and he parked and turned off the truck on the corner next to his house (*Id.*). Other white, non-Arab CSS's were not disciplined for doing the same (*Id.* at 11).

Fourth, Plaintiff argues that his claims are not pre-empted by §301 of the LMRA since the case is primarily a discrimination matter, and not primarily a negotiated contract dispute (*Id.* at 17). Fifth, Plaintiff argues that there was a hostile environment as a result of severe or pervasive harassment and Defendant had both actual and constructive notice of the harassment (*Id.* at 18-23). Sixth, the Plaintiff argues that although there is no precedent in the Sixth Circuit regarding perceived religion as a basis for discrimination, the Third Circuit and the EEOC have permitted discrimination claims under the perceived religion theory (*Id.* at 23-24).

Defendant filed a Reply Brief in Support of Summary Judgment **[Docket No. 27, filed April 21, 2014]**. First, Defendant argues that the claims are time-barred and mischaracterized (Def.'s Reply Br. in Supp. of Summ. J., 1). Second,

4

Plaintiff has failed to show that a genuine issue of material fact exists to establish the national origin and color discrimination claims (*Id.*). Third, Plaintiff failed to establish he was subjected to severe or pervasive harassment required to establish a hostile environment claim and has failed to present any evidence that he was subjected to disparate treatment because of his national origin (*Id.*). Fourth, Plaintiff's "perceived" religious discrimination claim has no supporting precedent in the Sixth Circuit and there is no evidence to support the claim.

### III.   STANDARD OF REVIEW

Summary judgment is appropriate in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of demonstrating that summary judgment is appropriate. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974).   The Court must consider the admissible evidence in the light most favorable to the nonmoving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those

facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. Any dispute as to a material fact must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(c). "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

IV.   **ANALYSIS**

A plaintiff may establish a prima facie case by presenting credible, direct evidence of discriminatory intent. *Terbovitz v. Fiscal Court of Adair County*, 825 F.2d 111 (6th Cir. 1987). Under the burden shifting approach developed for Title VII cases in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972), a plaintiff may establish a *prima facie* case and create a presumption of discrimination by showing by a preponderance of the evidence: (1) that he belongs to a protected

class; (2) that he was subjected to an adverse employment action; (3) that he was qualified for the job; and (4) that he was treated differently from similarly situated employees from a non-protected class. *McDonnell Douglas*, 411 U.S. at 802; *Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1246 (6th Cir. 1995); and *Wilcoxon v. Minnesota Mining & Mfg. Co.*, 235 Mich. App. 347, 361 (1999).

If a plaintiff proves a prima facie case, the burden of persuasion shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment decision. *McDonnell Douglas*, 411 U.S. at 802. Once the employer carries this burden, the burden then shifts back to plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by the employer were not its true reasons, but were a pretext for discrimination. *Id.; Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 548 (6th Cir. 1991). The plaintiff may meet this burden by showing: (1) that the stated reasons had no basis in fact; (2) that the stated reasons were not the actual reasons; or (3) that the stated reasons were insufficient to explain the employer's action. *Wheeler v. McKinley Enters.*, 937 F.2d 1158, 1162 (6th Cir. 1991). The burden of persuasion always remains, however, with the plaintiff. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

    **1. Discrimination Based on "Perceived" Religion**

First, Defendant argues that Plaintiff's claim for discrimination based on perceived religion fails as a matter of law because Title VII contains no provision for those wrongly perceived to be of a certain religion. Defendant cites multiple cases from other federal courts that support the position that there is no discrimination for "perceived" religion under Title VII. *See Yousif v. Landers McClarty Olathe KS, LLC*, No. 12-2788-CM, 2013 WL 5819703 (D. Kansas, Oct. 28, 2013), *Burrage v. FedEx Freight, Inc.*, No. 4:10-CV-2755. 2012 WL 1068794 (N.D. Ohio, March 29, 2012), *Butler v Potter*, 345 F.Supp.2d 844, 850 (E.D. Tenn. 2004), *El v Max Daetwyler Corp.*, No. 3: 09-cv-415, 2011 WL 1769805 (W.D.N.C., May 9, 2011), *Adler v. Evanston NW. Healthcare Corp.*, No. 07 C 4203, 2008 WL 5272455, (N.D.Ill., Dec. 16, 2008), *Lewis v. N. General Hosp.*, 502 F.Supp.2d 390, 401 (S.D.N.Y. 2007). Plaintiff and Defendant, however, agree there is no Sixth Circuit case precluding bringing such a claim. The claim, therefore, does not fail as a matter of law.

Second, Defendant argues that Plaintiff's claim is factually and legally deficient because it relies on one statement that is time-barred, and a second statement that was a joke that does not suggest the speaker perceived Plaintiff as being a Muslim and has not been proven to be a basis upon which an employment decision was made. For discrimination claims under Title VII, Plaintiff may not rely on incidents prior to January 2010, because Plaintiff's EEOC charge only

complains of events that occurred between January and May 31, 2010. For discrimination claims under ELCRA, Plaintiff may not rely on incidents prior to December 13, 2009, even if those incidents are ongoing. *See Garg v. Macomb Co. Comm. Mental Health Services,* 472 Mich 263, 284, 696 N.W.2d 646 (Mich. 2005).

In recognizing a perception theory of retaliation, the Third Circuit stated in pertinent part,

> [I]magine a Title VII discrimination case in which an employer refuses to hire a prospective employee because he thinks that the applicant is a Muslim. The employer is still discriminating on the basis of religion even if the applicant he refuses to hire is not in fact a Muslim. What is relevant is that the applicant, whether Muslim or not, was treated worse than he otherwise would have been for reasons prohibited by the statute.

*Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 571 (3d Cir. 2002). In *Smith v. Specialty Pool Contractors*, the Plaintiff brought a claim for religious discrimination based on his employer's perception that Plaintiff was Jewish even after Plaintiff told his employer that he was Catholic. No. 02:07CV1464, 2008 WL 4410163, at *6 (W.D. Pa. Sept. 24, 2008). In that case, the court found that a reasonable jury could find that the employer perceived the Plaintiff to be practicing Judaism and discriminated against him based on the perception. *Id.*

Plaintiff provides several incidents that the trier of fact could view as supporting a claim for discrimination based on perceived religion and that fall within the filing period. In early 2010, Plaintiff claims that when he wore a hat backwards, Fuson said it looked like a "topi" (a skullcap worn by Muslim men for religious reasons) and other workers starting laughing at Plaintiff as a result (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., Ex. 1, p. 160). In March, 2010, there was graffiti etched into the door of a bathroom stall of one of Defendant's offices depicting two buildings similar to the Twin Towers with a plane hitting one of them and a caption that stated Plaintiff is learning how to fly (*Id.* at 141). After learning of the graffiti, Area Manager McDonald said that Plaintiff was over-sensitive, emotional, and unable to take the joke during a crew meeting (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., Ex. 1, p. 207). A reasonable jury could find that the incidents are evidence of discrimination based on the perception that Plaintiff was a Muslim.

The Court determines that questions of fact remain regarding Plaintiff's claim for discrimination based on perceived religion. Counts V and VI of Plaintiff's Complaint **REMAIN**. Defendant's Motion in this regard is **DENIED**.

**2. Discrimination Based on Color**

In order to show a claim for discrimination based on color, Plaintiff must show: (1) that he belongs to a protected class; (2) that he was subjected to an adverse employment action; (3) that he was qualified for the job; and (4) that he was treated differently from similarly situated employees from a non–protected class. *McDonnell Douglas*, 411 U.S. at 802. Alternatively, Plaintiff could establish a prima facie case by presenting credible, direct evidence of discriminatory intent. *Terbovitz*, 825 F.2d 111.

Plaintiff identifies as "dark-skinned," and was subject to adverse employment action when he was disciplined resulting in loss of pay and lowered performance evaluations. Plaintiff was qualified for the job as evidenced by his promotion from a service technician to a CSS after 4 years of working for Defendant. Plaintiff was treated differently than white CSS's working for Defendant, including being disciplined more aggressively, denying Plaintiff training, withholding tools, giving Plaintiff harder jobs, and denying Plaintiff jobs with overtime (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., p. 20). Plaintiff provides a list of white CSS's who were not disciplined by managers Fuson or Jason Houghtaling for idling their trucks, going home for lunch, or going over their cell minutes (*Id.* at p. 11). Co-workers indicated that Fuson and Houghtaling, wanted an "all white garage" (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., Ex.

11

4, pp. 52-53). Plaintiff has established a prima facie case for discrimination based on color.

Defendant argues that it had a legitimate, nondiscriminatory reason for the employment decision, and therefore, Plaintiff's claims should be dismissed. *See McDonnell Douglas*, 411 U.S. at 802. Defendant argues that several incidents, including Plaintiff going home for lunch, leaving his work truck unattended, and exceeding his monthly allotted cell phone minutes, are legitimate reasons for the employment decision.

Plaintiff, however, has provided sufficient evidence to prove that the legitimate reasons offered by the employer were not its true reasons, but were a pretext for discrimination. *See id.*; *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 548 (6th Cir. 1991). For example, CSS's were permitted to go home for lunch and a truck may remain running if it is locked, but Plaintiff was disciplined for those permissible actions (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., p. 13). Another suspension involved an incident where Plaintiff's truck had mechanical issues and Fuson failed to provide Plaintiff with an alternative (*Id.* at pp. 13-14).

Since there is a genuine issue of material fact with regards to discrimination based on color, Counts I and II of Plaintiff's Amended Complaint **REMAIN**. Defendant's Motion in this regard is **DENIED**.

### 3. Discrimination Based On National Origin

Plaintiff has shown a *prima facie* case for discrimination based on national origin, specifically being an Arab from Iraq. Defendant does not dispute the first three prongs of the *McDonnell Douglas* test: (1) that he belongs to a protected class; (2) that he was subjected to an adverse employment action; and (3) that he was qualified for the job. *McDonnell Douglas*, 411 U.S. at 802. As to the fourth prong (that he was treated differently from similarly situated employees from a non–protected class), Plaintiff has proffered evidence to suggest that he was treated differently from similarly situated employees from a non-protected class as indicated above. Defendant argues that Plaintiff was disciplined for violating the rules, but Plaintiff has presented sufficient evidence discussed above to create a genuine issue of material fact that the alleged misconduct is untrue and was not sufficient to justify the decision to discipline him more harshly than other white, non-Arab CSS's.

**4. Preemption**

Plaintiff's discrimination claim based on the argument that he was unfairly disciplined is not subject to preemption under Section 301 of the Labor Management Relations Act. Where a suit does not primarily arise out of a contract dispute, it will not be preempted under Section 301. *Tisdale v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, Local 704*, 25 F.3d 1308, 1310-1312 (6th Cir. 1994) (Preemption does not apply

13

where plaintiffs "alleged disparate treatment under a state civil rights statute, not breach of the union constitution"). Plaintiff claims Defendant violated of Title VII and the ELCRA by discriminating against him, specifically being disciplined more aggressively, denying Plaintiff training, withholding tools, giving Plaintiff harder jobs, and denying Plaintiff jobs with overtime (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., p. 20). These are not contractual matters.

### 5. Hostile Work Environment

A plaintiff may establish a *prima facie* case of discrimination based on a hostile environment by showing that he: 1) was in a protected class; 2) was subject to unwelcomed harassment; 3) the harassment was based on his status as a protected individual; 4) the harassment unreasonably interfered with the plaintiff's work performance by creating an environment that was intimidating, hostile and offensive; and 5) the employer was liable for the harassing conduct. *Clay v. United Parcel Serv., Inc.,* 501 F.3d 695, 706 (6th Cir. 2007). Defendant does not dispute the first prong.

As to the second prong, Plaintiff was subject to unwelcome harassment that continued past the time bar. In January 2010, Plaintiff claims Fuson asked if there was any water in the desert where Plaintiff is from while Plaintiff was filling his water bottle (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., Ex. 1, p. 179-180). Other incidents discussed above that may be considered evidence of harassment by

the trier of fact include Fuson saying Plaintiff's hat looked like a "topi," and the Twin Towers graffiti. As to the third prong, this harassment is based on Plaintiff's status as a protected individual in that Plaintiff is an Iraqi, is dark-skinned, and is perceived as a Muslim. As to the fourth prong, Plaintiff alleges he suffered emotional and physical distress, and was humiliated by the harassment. Based on the totality of the circumstances, a trier of fact could determine that Plaintiff was subjected to a hostile work environment. *See Williams v. Gen. Motors Corp.,* 187 F.3d 553, 563 (6th Cir. 1999) ([D]istrict courts consider harassment by all perpetrators combined when analyzing whether a plaintiff has alleged the existence of a hostile work environment").

"An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270, 141 L. Ed. 2d 633 (1998). Defendant argues that it is not liable, because Plaintiff only reported the Twin Towers graffiti and it was promptly removed (Def.'s Mot. for Summ. J., pp.17-18). Plaintiff indicates, however, that he complained to his managers about the incidents (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., p. 5). There is a genuine issue of material fact as to whether Defendant had notice. If Defendant had notice of the harassment, then it may be liable for a hostile work environment since

Defendant failed to exercise reasonable care to prevent and correct promptly any harassing behavior. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270, 141 L. Ed. 2d 633 (1998).

Acts alleged in a hostile work environment claim will not be time barred if they are part of the same unlawful practice and at least one act falls within the filing period. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 120-121, 122 S. Ct. 2061, 2076, 153 L. Ed. 2d 106 (2002). Plaintiff alleges that the harassment and hostile work environment existed even prior to the filing period. For example, co-workers made derogatory statements regarding Arabs and Muslims, one co-worker stated "kill these Arabs," Plaintiff was told he should go back to where he came from and that he was a "F'ing rag head" among other things (Def.'s Mot. for Summ. J., p. 19). This practice of making derogatory statements about Arabs and Muslims continued after the filing period as indicated above. Incidents that are part of the same actionable hostile environment claim, but took place prior to the filing period, are admissible for consideration with regards to the hostile environment claim since some of the incidents occurred within the filing period *See Nat'l R.R. Passenger Corp.* 536 U.S. at 120-121.

The Court determines that questions of fact remain regarding Plaintiff's claim for hostile work environment and discrimination based on national origin.

Counts III and IV of Plaintiff's Amended Complaint **REMAIN**; Defendant's Motion in this regard is **DENIED**.

I. ORDER

Accordingly**,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment **[Docket No. 21, filed February 28, 2014]** is **DENIED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 18, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 18, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager